WILLIAM DRENNAN v. JOHN HERZOG AND AUGUST ZUELLING.

*Tax-deeds—Interest on tax.*

1. Comp. L. (1871) § 1036 in adding thirty per cent. interest to a tax if not paid before a stated time did not invalidate the tax-title acquired upon the sale of the land for the tax, interest and charges.

2. The deputy Auditor General may execute a tax-deed in the absence of his chief.

3. In ejectment for land claimed under a tax-title for a particular year, evidence as to tax-deeds for other years is immaterial.

Error to Saginaw. (Gage, J.) Jan. 13.—April 29.

EJECTMENT. Plaintiff brings error. Affirmed.

*H. H. Hoyt* for appellant. The exaction of interest on delay in paying taxes is the imposition of a penalty: *Flint & Pere Marquette Ry. v. County Treasurer* 32 Mich. 460; and a penalty cannot be imposed without a hearing: *Pulford v. Fire Department* 31 Mich. 465; *Scammon v. Chicago* 44 Ill. 278; *Wauwatosa v. Gunyon* 25 Wis. 276; *Mulligan v. Hintrager* 18 Ia. 171; *High v. Shoemaker* 22 Cal. 363.

*D. P. Foote* for appellees.

SHERWOOD, J.   The plaintiff brings ejectment to recover 60 and 91-100 acres of land lying in the county of Saginaw. Plea, general issue, with claim for value of improvements. The plaintiff claims title from the general government. The defendants are in possession of the property, and claim title thereto under a tax deed, given on a sale made for the unpaid taxes assessed upon the land in 1872. The entire tax assessed against the property for the year was $18.40. The amount of the State tax was $1.62. The taxes were all paid except the State tax. The amount for which the land was sold was $1.94, which was the State tax, with interest added for eight months at the rate of thirty per cent.

No question is made but that the proceedings to sale were all regular, and it is not claimed the taxes assessed were excessive. The important question raised by counsel for plaintiff is, could payment of the interest, at the rate claimed, be legally compelled by a sale of the land assessed ? The interest amounted to but thirty-two cents, and it was added to the State tax to make the amount for which the land was sold. The circuit judge held the sale legal and title valid, and rendered judgment for the defendants.

The statute under which it is claimed it was proper to add the thirty per cent. interest reads as follows :

" Any person may pay the taxes, or any one of the several taxes, on any parcel of lands returned as aforesaid, or on any undivided share thereof, with interest calculated thereon from the first day of February next after the same were assessed, at the rate of fifteen per cent. per annum, and the office charges, and four per cent. as a collection fee, to the treasurer of the county in which the lands are situated, at any time before they are sold for taxes, or to the state treasurer, on the certificate of the Auditor General, at any time before the twentieth day of September next preceding the time appointed for such sale : provided, that on all taxes remaining unpaid on the first day of June next after the same were assessed, interest shall be computed at the rate of thirty per cent. per annum from said first day of February."

If the taxes and interest and expenses remain unpaid after the first day of October, the statute further provides that the

land may be sold to pay the same, under the direction of the Auditor General, in the mode and manner therein pointed out. See statute, §§ 77–88, (1 Comp. L. 1871, ch. 21).

The right of imposing taxes, and the manner of levying and collecting them, are matters strictly within the power of the legislature, and the tax-payer has a right to such remedies in equity to prevent their enforcement, if illegal, as are usual in other cases of illegal and unjust proceedings. Irregularities in enforcing the collection will generally be overlooked by courts, but when the action taken by the authorities in levying the tax, or in the efforts to enforce collection, is illegal, the proceeding will be void, and cannot be sustained. The regulation of interest between individual parties for the use of money has always been a proper subject for legislative action, and there is no reason why it should not be such between the state and an individual when its rights are involved. Interest is given for the delay in the payment of money, and whether the sum is owing to the state or to an individual can make no difference. In the case of an unpaid tax, so long as the law is general, it may be for such amount as the legislature may deem proper to determine, and whether interest is given for delay in the payment of money loaned, or for property sold, or for work and labor done, or for a tax legally assessed and past due, is immaterial. The power to require and fix the amount is equally within the province of the legislature. It is claimed, however, that the interest charged is in the nature of a penalty,—is in fact a penalty to enable the party to redeem,—and is really no part of the tax, and therefore no legal sale can be made of the land therefor ; that the penalty can only be enforced in a court, and that no adjudication in the case has been had for that purpose.

I am not prepared to adopt this view. It is said by Mr. Justice Cooley in *Silsbee v. Stockle* 44 Mich. 571 : " The purpose of the law is to make the sale of the land for the lawful tax and charges the sole penalty for the failure to pay, whether the failure is blamable or excusable." Here the tax and charges are characterized as a penalty to be paid by the owner to relieve his land from the burden imposed. In the same

sense the amount of the interest required to be paid to relieve the land of the burden, after the sale and before redemption has expired, is a penalty; and so long as the amount imposed for the charges is to be considered as a part of the sum for which a legal sale can be made, it is difficult to say why the sum called interest may not be added, as well as if it had been termed charges. The legislature had the power in both cases to fix the amount by law. Had the amount called interest been included as charges, there could be no question made, I apprehend, as to the right to sell for the delinquent tax with that included. Until the right of redemption expired, the proceedings had, including the sale, created no more than a lien upon the property. When the right to redeem expired, the lien ripened into title, and the purchaser then, and not till then, became entitled to his deed, under which he could enforce his title, if good, in the proper tribunals.

If the owner of the land neglected to pay his tax after the thirty-first day of December, two per cent. was added to the amount he was required to pay. If he neglected to pay the amount until after the warrant was returned, he was required to pay fifteen per cent. thereon thereafter until the last day of January, and if the tax remained unpaid after that time the owner was required to pay thirty per cent. If the two per cent. was legal, which no one seems to doubt, I confess I am unable to discern why the other rates were not equally so. The neglect to pay was the reason for the charge in each case. The charge was imposed by the same authority. The same statute which permitted the charge in the one case, authorized it in each of the others, and the law is presumed to have been known to the parties. With its expediency or policy we have nothing to do, and of its validity I have no doubt. While in some isolated cases its enforcement might work hardship, I have failed to discern, under the findings in this case, any circumstances developing any such result.

It appears from the findings of the circuit judge that the land in question was sold and conveyed for delinquent taxes for each of the years from and including 1856 till 1872; that in 1877 Newell Barnard, having acquired all these outstand-

ing tax titles, conveyed it to the defendant Herzog. It would appear the plaintiff, claiming to be the owner, gave little or no attention to the payment of his taxes upon the land until after it had gone into the defendant's possession under the titles acquired from the State. Then, after several years of occupancy by the defendant or his tenants, plaintiff seeks to recover what he had so long neglected, leaving the defendant and his grantees to discharge the burdens of his taxation without any recompense or redress. There is nothing in these facts requiring any strained or doubtful construction of the law to protect the plaintiff in his claim made against the equitable rights of the defendants in this case, who appear to have relied in good faith upon the title Herzog received.

On the trial the plaintiff objected to the admission of the tax deed given for the taxes of 1872, and under which the defendants claim title in his grantors, for the reason that it was not executed by the Auditor General, but by his deputy. This objection was not well taken. *Westbrook v. Miller*, ante p. 148, decided at last term.

We find no error in excluding the evidence proposed for the purpose of invalidating the tax titles other than for the taxes of 1872. The latter was the one relied upon by the defendants, and which was found to be valid. Whether the others were valid or not was of no materiality in the case as presented. The findings of fact by the circuit judge support the judgment; and his conclusions of law, holding that the title based upon the sale of the land for the taxes of 1872, made by the Auditor General, was valid, were correct, and his Judgment in the case must be affirmed.

The other Justices concurred.