COON v. SCHLIMME DAIRY CO.

*In re* PETITION OF SCHLIMME FOR DISSOLUTION OF
SCHLIMME DAIRY CO.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—ABANDONMENT.
   Questions arising out of proceedings to dissolve a corporation,
   which had been consolidated and heard with injunction suit
   between stockholders and directors, are not considered where
   expressly abandoned by defendants on argument in this court.

2. INTEREST—PAYMENT.
   Interest is paid for the use of money.

3. CORPORATIONS—STOCK—INTEREST—DIVIDENDS.
   Corporate stock does not pay interest but only gives a right to
   dividends.

4. SAME—DIVIDENDS—STOCK—NOTES.
   After declaration by corporation of dividend, payable either in
   stock or cash, and election by each of the three stockholders
   not to take stock but to take notes so as to avoid having to pay
   Federal tax on corporate surplus, the stockholders were limited
   to right of payment of the note, not to issuance of stock.

Appeal from Wayne; Webster (Arthur), J. Submitted April 11, 1940. (Docket No. 107, Calendar No. 40,958.) Decided June 3, 1940.

Bill by Harold R. Coon against Schlimme Dairy Company, a Michigan corporation, and others to restrain issuance of stock to William F. Schlimme and alternatively for issuance of stock to plaintiff and acceptance of return of cash dividend by defendant corporation. Cross bill by defendants Schlimme Dairy Company, William F. Schlimme, Bernard W. Cruse, and Roy I. Brown against plaintiff and defendant Ernest J. Schwanbeck to require issuance of certificate of stock to William F. Schlimme, for an

accounting, an injunction, and for other relief. Cross bill by Ernest J. Schwanbeck against other defendants to enjoin the issuance of stock to defendant Schlimme and in the alternative for issuance of stock to cross-plaintiff and acceptance and return of cash dividend by defendant corporation. Petition by William F. Schlimme, Roy I. Brown, and Bernard W. Cruse for the dissolution of Schlimme Dairy Company, a Michigan Corporation. Cases consolidated. Decree for plaintiff and cross-defendant Schwanbeck. The other defendants appeal. Affirmed.

*Toy & Newman,* for plaintiff.

*Robert S. Beach,* for defendant Schwanbeck.

*Wm. L. Thorp,* for defendants corporation, Schlimme, Cruse and Brown.

MCALLISTER, J. On September 15, 1937, at a meeting of the board of directors of the Schlimme Dairy Company, a Michigan corporation, the following resolution was passed:

"Resolved, that a dividend be declared of $5 per share on outstanding stock on record as of September 15, 1937—said dividend to be made payable in common stock, or cash, or optional for the shareholder."

There were only three stockholders in the corporation: William F. Schlimme, Harold R. Coon, and Ernest J. Schwanbeck, who with Bernard W. Cruse and Roy I. Brown constituted the board of directors.

On December 18, 1937, William F. Schlimme, the president of the corporation, procured some blank promissory notes and delivered them to Mr. Coon, the secretary, who prepared three promissory notes payable to the stockholders in varying amounts.

These notes were then signed by Mr. Schlimme, as president. One of the notes in the amount of $1,350, representing a dividend of $5 per share on 270 shares of stock of the company, was given to Mr. Coon; another note for $750, representing the same dividend on 150 shares of stock, was delivered to Mr. Schwanbeck; and the third note, in the amount of $1,400, representing the dividend on 280 shares of stock, was taken by Mr. Schlimme. The notes all bore 3 per cent. interest. On August 23, 1938, Mr. Schwanbeck's note, with interest, was paid by the company; and Mr. Coon's note, with interest, was paid in two payments on September 17 and 19, 1938.

Subsequently, at a meeting of the directors on October 28, 1938, Mr. Schlimme demanded 143 shares of stock in the company for his dividend, claiming a right thereto under the resolution of the meeting on September 15, 1937. He was opposed in this demand by Mr. Coon and Mr. Schwanbeck, but Mr. Cruse, as a director, offered the following resolution:

"Resolved, that 143 shares of stock of the corporation be issued to William F. Schlimme in payment of his note made by the corporation and dated December 10, 1937."

The resolution was passed by a vote of three to two; Schlimme, Cruse, and Brown in favor of it, and Coon and Schwanbeck voting against it. Mr. Coon, as secretary, refused to sign the certificate of stock for the issue which had been voted at the meeting; and upon notice to him that a special meeting of the directors was to be called on November 12, 1938, for the purpose of removing him from the office of secretary, he filed a bill of complaint to enjoin the meeting and his removal from office; and a restraining order was issued on an order to show cause. The corporation and the other directors were joined as defendants in

plaintiff's action, and on answers filed, and cross bills, the trial court heard the case, and by decree granted plaintiff the injunctive relief prayed.

A substantial part of the case on appeal and of the trial court's opinion and decree is concerned with issues arising out of a petition for dissolution of the corporation, filed by Schlimme, Brown, and Cruse, subsequent to the filing of the bill of complaint. This petition was consolidated with the plaintiff's action on trial. All matters with regard to the dissolution proceeding, however, were expressly abandoned by defendants on the argument in this court and, therefore, need not be considered. The single question, therefore, to be determined is whether defendant Schlimme is entitled to the issuance of stock pursuant to the resolution declaring a dividend, or whether his right is limited to cash in lieu thereof.

The determination of this question affects the control of the corporation. Coon and Schwanbeck are the owners of 420 shares of stock. Schlimme is the owner of 280 shares. If Schlimme is entitled to the stock he claims for the dividend, he would receive 143 shares, and would be the owner of 423 shares as compared to 420 shares owned by Coon and Schwanbeck. To secure 143 shares, Schlimme must receive not only the amount of stock equivalent to the face of his note, but the equivalent of the note with interest. If he received stock equivalent only to the principal amount of the note, he would receive 140 shares, and control of the corporation would be equally divided between Coon and Schwanbeck, on the one side, and Schlimme, on the other. If Schlimme is entitled only to cash, representing the face of his note and interest, he will receive the same proportion of money as did the other stockholders as a result of the dividend and the payment of their notes, and the status of the corporation with reference to control will not have been

changed since the resolution declaring the dividend. On this issue the trial court found that Schlimme had agreed to accept cash instead of stock, in the payment of the dividend, at the time he accepted the note of the corporation.

Apparently the plan envisaged in the resolution declaring the dividend had for its purpose the avoidance of a Federal tax on the surplus of the corporation. Schlimme testified that defendant Brown, the accountant for the company, had advised the directors that notes would have to be issued for a dividend, or the corporation would be obliged to pay a tax on surplus; and that if stock were issued for the dividend, payment of the surplus tax could not be avoided. The notes were, therefore, issued and accepted by Schlimme instead of stock. He stated that he took the note to avoid payment of the tax which he understood would be payable if stock had been issued rather than the notes. When Schlimme was asked whether these corporation notes represented cash, his answer was: "A note usually represents cash." Between the time that Coon and Schwanbeck had received cash in payment of the notes given for the dividends, and the time of the meeting authorizing the issuance of stock to Schlimme for his dividend, the value of the corporation stock had increased $6,600, or approximately from $21 per share to $27 per share; and this increase was due to the return of $6,600 worth of bonus stock by the directors to the corporation. On the trial Schlimme testified that the real reason he wanted stock instead of cash for his dividend was for the purpose of securing control of the corporation.

Plaintiff Coon testified that Schlimme never mentioned the claim that he wanted stock instead of cash for the dividend until the meeting of October, 1938; and Schlimme admitted that he had never told

Schwanbeck that he desired stock instead of cash. When asked why he never had caused the board to direct the issuance of stock to him for the dividend during this entire period until October, 1938, Schlimme's only explanation was that Coon was too busy to meet with the directors and sign the certificates. Schlimme's claim was that the notes were issued only as evidence of the amount of stock or amount of cash the stockholders would be entitled to when they would thereafter make their election as to the form of dividend they wanted. He claimed that he held the note as evidence of the stock which he subsequently elected to take. But he is making a claim for stock not only equivalent to the amount of the note, but also for accrued interest. This is inconsistent with his claim. Interest is paid for the use of money. Stock does not pay interest, but only gives a right to dividends. Schlimme's claim that he is entitled to interest on the note is inconsistent with the claim that the note was only evidence of the amount of stock to be issued; and such claim of interest is consistent only with a claim of indebtedness of the corporation, represented by the note.

It is not necessary to review any further part of the evidence. From an examination of the record, we are of the opinion that defendant Schlimme accepted the note of the corporation in payment of his dividend as representing cash. He deliberately elected not to take stock at the time the note was issued, for the express purpose of avoiding Federal tax on the surplus of the corporation. His claim that he did not elect to take the note as representing cash, but merely as evidence of how much stock he would receive, is untenable. To sustain him in such a contention would be to give him the benefit of an advantage resulting from a deceit practised upon the Federal government in misrepresenting the corporation to be indebted and

thereby evading taxation; and, as defendant Brown, the accountant of the company, testified, this would be defrauding the Federal government. We do not believe that to have been his intention at the time he accepted the note. It would seem that various personal contentions and difficulties with other directors have changed his attitude since the time of the declaration of the dividend, and that his present claim is a result of such internal troubles in the corporation. But his present contention could not otherwise be supported. Defendant Schlimme is not entitled to a stock dividend, but is limited to his right of payment of the promissory note.

We have considered other questions on the appeal and find them to be without merit.

The decree of the trial court enjoining issuance of the stock in question and removal of the plaintiff as secretary is affirmed, with costs to plaintiff.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred.