BALCH *v.* DETROIT TRUST CO.

1. APPEAL AND ERROR—DISTRIBUTION OF TESTAMENTARY TRUST—DE NOVO REVIEW.
   In reviewing decree distributing the assets of a testamentary trust, the Supreme Court is not bound by the reasoning in the opinion of the trial judge as review of the matter is *de novo*.

2. INTEREST—DEFINITION.
   Interest is a charge for the loan, forbearance or delay in the payment of money.

3. SAME—INCIDENT OF PRINCIPAL—ACCOUNTING.
    Interest is an incident of the principal and must be accounted
        for.

4. EQUITY—MAXIMS.
    Since a trustee and his attorney, as plaintiffs in a suit in equity,
        seek equity, they must do equity.

5. TRUSTS—ACCOUNTS IN CLOSED BANKS—INTEREST—DISTRIBUTION.
    Interest on accounts in closed banks, received by trust company
        as agent of testamentary trustees, was a part of the original
        fund and incident thereto, hence was properly distributed in
        same proportion as the principal and did not become a part
        of the "rest, residue and remainder" of the trust estate.

6. COSTS—TRUSTS—INTEREST.
    Provable costs of litigation are allowed trust company which
        had been forced to appear, answer and contest surviving
        trustee's petition for payment of interest on account in a
        closed bank, paid to trust company some two years after
        trust estate had been distributed, notwithstanding trust com-
        pany claimed no right to the fund involved.

Appeal from Wayne; Friedman (William), J. Submitted June 13, 1945. (Docket No. 51, Calendar No. 43,019.) Decided October 8, 1945.

Petition by Frederick A. Balch, surviving trustee under an indenture of trust dated April 25, 1911, and another against Detroit Trust Company for an order to show cause why certain interest should not be turned over to plaintiffs. Order directing the interest to be divided between certain named persons. Plaintiffs appeal. Affirmed.

*Charles F. Delbridge* and *Charles P. Dunn,* for plaintiff Balch.

*Thomas G. Long* and *Charles C. Andrews,* for appellees.

*Butzel, Eaman, Long, Gust & Kennedy,* for Detroit Trust Company.

*Hill, Hamblen, Essery & Lewis,* for executors of will of George C. Balch, deceased.

BUSHNELL, J. After the death of George W. Balch in 1911, his widow, Mary E. Balch, and his four children, Kate Balch Mattoli, Elizabeth Balch Ranney, George C. Balch, and Frederick A. Balch, as trustees under an "agreement of trust," united in appointing defendant Detroit Trust Company as their agent. The Balch trust terminated upon the death of the widow, Mary E. Balch, on June 18, 1932. Soon thereafter, plaintiff herein, Frederick A. Balch, one of the trustees, filed a bill of complaint for an accounting, naming as defendants the other surviving trustees and the agent. This matter was finally heard in 1934 and a decree was entered by the late Judge Harry B. Keidan in accordance with a settlement agreement between the parties, dated April 18, 1934.

In the accounting proceedings it was shown that at the time of the closing of the banks of Detroit by proclamation of the governor in February of 1933, defendant trust company, as agent of the trustees, had on deposit in a fiduciary account in the First National Bank-Detroit, $25,036.83, one-half of which had been paid or applied by the receiver of the bank against an indebtedness, and the remainder was impounded and unavailable.

The settlement agreement provided in part as follows:

"The Detroit Trust Company agrees to collect and receive such funds to the extent to which the same may be collectible from said First National Bank-Detroit and in full from said Detroit Savings Bank, subject only to solvency thereof, and to promptly pay over all sums so collected together with a *pro rata* portion of any interest so collected

to said Balch trustees, all without further charge by said Detroit Trust Company for services and expenses in so doing. Said sums so collected shall be paid over to said Balch trustees by Detroit Trust drawing its check payable to said three trustees or the survivors or survivor and delivering the same to any of said trustees."

The liquidation and distribution of the trust assets had not been completed at the time of the death of Elizabeth Balch Ranney. Frederick A. Balch, plaintiff herein, as sole surviving trustee, filed a further petition in the same cause on June 20, 1940, seeking further relief in the liquidation proceedings. As a result of this petition a supplemental decree was entered by Judge Keidan on July 15, 1940, which stated in part that, "all of the parties to this proceeding and all of the parties interested in the property now held in said safe deposit box and in said trust and the accounting therefor and in the undistributed residue of the trust funds thereof, appearing and consenting to the following order and supplemental decree      *      *      *      it is ordered, adjudged and decreed," et cetera.

This supplemental decree contains detailed provisions for completion of the distribution of the assets of trust. When it was entered, the balance in the fiduciary account in the First National Bank-Detroit had been reduced to $5,085.58, and plaintiff Balch was ordered forthwith, "upon obtaining access to said safe deposit box, (to) pay to the following persons the following amounts in cash and cause to be assigned to each of said persons the following face amounts of the remaining $5,085.58 of impounded bank balance with the First National Bank-Detroit, to-wit:" one quarter to plaintiff Balch, one quarter to the executors of the will of Elizabeth Balch Ranney, deceased, one quarter to the execu-

tors of the will of George C. Balch, deceased, one eighth to Agostino Mattoli, and one eighth to Giorgio Mattoli, the children of Kate Balch Mattoli, deceased, or their attorneys in fact.

It subsequently developed that $5,085.58 was not the correct balance but that it was in fact $4,974.16. After the entry of the supplemental decree plaintiff Balch's attorney addressed a letter to the trust company under date of August 2, 1940, which referred to the supplemental decree, and requested that certificates of beneficial interest be issued to the beneficiaries named above, and in the same proportion, covering the corrected amount just stated. Such certificates were issued in which the trust company, as agent, agreed to pay the beneficiaries therein named—"his (her) proportionate share of any and all funds released by First National Bank-Detroit in further liquidation of said fiduciary account as soon as reasonably possible after such liquidation payment or payments have been received."

The full amount of the bank balance was received by the trust company on November 1, 1940, distributed to the beneficiaries and the certificates of beneficial interest were surrendered and cancelled. Two years later, the trust company received from the receiver of the bank an "interest claim settlement dividend." This dividend covered interest calculated over the period while funds were in the hands of the bank since its closing in 1933, and amounted to $1,894.04.

Plaintiff Frederick A. Balch, as surviving trustee, and his attorney claimed the entire amount of this fund by reason of paragraph (d) of the supplemental decree under which certain specified assets were assigned to them, "in full accord and satisfaction of any and all lawful charges which they, or

either of them, have or claim to have upon said trust funds, for trustee fees as trustee or surviving trustee of said trust and as attorney for such trustee and/or surviving trustee." Among the assets so assigned was an item described as, "The rest, residue and remainder of said trust funds and property of whatever name and nature, $1."

Defendant trust company took the position that it did not claim this money or any part of it, but it did not agree with the contention of plaintiff and alleged that other parties had made conflicting claims thereto.

Balch and his attorney filed the instant petition on August 11, 1944, and, after a hearing before Judge Keidan's successor, Judge William Friedman, an order was entered for the payment of the $1,894.04 to the several beneficiaries of the Balch trust, their successors, representatives and assigns, in the proportion stated in the Keidan decree. The trial judge in the opinion dictated in open court said the following, with reference to the Keidan decrees:

"There was no guarantee or assurance that the beneficiaries would receive the full amount set forth in these certificates as an unliquidated balance. They might have gotten less. It happened they got more. That was purely a contingent proposition."

Plaintiff and his attorney have appealed from the order directing such distribution of the fund.

Appellants' position is that the trust company, by its erroneous certification of fact in its "certificate of beneficial interest," improperly effected a modification of Judge Keidan's supplemental decree, and that Balch is not estopped by his acceptance of such certificate, and he and his attorney

are still entitled to receive the total amount of interest dividends under that portion of the supplemental decree which assigns the "rest, residue and remainder" of the trust funds and property to them in lieu of their fees. They further contend that the acceptance of the certificate by Balch, and payment thereof, did not constitute a waiver of their right to "after-acquired or pick-up assets of the trust."

Appellees state the problem in this fashion:

"Where a court order in distribution of a trust directs specified face amounts of a remaining impounded balance of an account of the trust in a closed bank to be assigned to each of the several beneficiaries, do the beneficiaries take any possible interest which may be paid by the receiver of such bank on the accounts therein (or is such interest taken by the trustee and his counsel for their fees as being a part of the rest, residue and remainder of the trust estate)?"

In reviewing the matter *de novo,* we are not bound by the reasoning in the opinion of the trial judge. As we view the situation, neither the original nor supplemental decree of Judge Keidan contemplated any further income by the trust, and all parties completely overlooked the possibility of a further realization by way of interest dividends on impounded bank funds.

Interest has been defined as "a charge for the loan or forbearance of money," *Eames* v. *Barber,* 192 Mich. 1, 14. It "is paid for the use of money," *Coon* v. *Schlimme Dairy Co.,* 294 Mich. 51, 56; or "given for the delay in the payment of money," *Drennan* v. *Herzog,* 56 Mich. 467, 469.

Under generally understood and applied principles, it "is merely an incident of the principal and must be accounted for," *School District of the City*

*of Pontiac* v. *City of Pontiac,* 294 Mich. 708, 716. See, also, *Stewart* v. *Barnes,* 153 U. S. 456 (14 Sup. Ct. 849, 38 L. Ed. 781).

Plaintiff Balch, the surviving trustee, and his attorney seek equity and, consequently, they must do equity. They cannot be heard to complain because a court of equity directed that interest on impounded funds be paid to those entitled to the impounded funds, in proportion to their share therein. That is what the court did in the instant case. The interest received by defendant trust company as agent of the Balch trustees was a part of the original fund and incident thereto. The construction by Judge Friedman of Judge Keidan's decree was proper.

The order which was entered in this cause on November 20, 1944, and from which plaintiffs have appealed, should be affirmed.

Defendant Detroit Trust Company has urged that notwithstanding the fact it claimed no right in the fund in question, it was forced to appear, answer and contest plaintiffs' petition, or pay at its peril. Petitioners did not bring other necessary parties before the court, and the trust company was alone required to defend. Not being able to charge anyone additional fees for such service, it has requested that we allow it the necessary cost of the litigation that was forced upon it. In support of its position it submits as authority *Cleveland* v. *Second National Bank & Trust Co.* (C. C. A.), 149 Fed. (2d) 466. Certain phases of that litigation appear in *Second National Bank & Trust Company of Saginaw* v. *Reid,* 304 Mich. 376. In that case the court of appeals approved an allowance of costs of litigation to the trustee. We feel such an allowance is proper in the instant case and proofs of such costs may be submitted and taxed.

The order is affirmed, with the allowance to appellees of the usual costs on appeal, and such additional costs as have been directed herein, same to be paid by appellant Balch individually.

STARR, C. J., and NORTH, BUTZEL, SHARPE, BOYLES, and REID, JJ., concurred. The late Justice WIEST took no part in the decision of this case.