VOMVOLAKIS v DEPARTMENT OF TREASURY

Docket No. 79213. Submitted May 7, 1985, at Lansing.—Decided July 19, 1985.

The Department of Treasury made income tax, sales tax and single business tax assessments against the petitioners, Emanuel T. and Mary Vomvolakis. Petitioners sought relief in the Tax Tribunal. At the hearing before the Tax Tribunal, Donald Paul Kulish, a revenue auditor for the Department of Treasury, was the sole witness. Kulish audited petitioners' tax returns for the tax years in question, 1976, 1977, 1978 and 1979. Petitioners owned and operated a bar in Flint called the Raincheck Lounge. Kulish's audit determined that petitioners had understated their beer purchases. For the 1977 and 1978 tax years, Kulish compared the purchases listed on petitioners' actual invoices to the delivery records of the four or five beer suppliers who sold to petitioners. Some of the delivery records were monthly amounts, some were actual invoices, and some were weekly recapitulation summary sheets. For 1978 and 1979, Kulish compared the supplier records to the beer purchases as listed on petitioners' profit and loss statements. For the 1976 tax year, Kulish did not use supplier records. Even though the suppliers' actual invoices were available, too much time would have been involved in reviewing those invoices. Instead, Kulish testified he used a standard procedure of the revenue department. The procedure was as follows: (1) the total understated purchases from 1977 through November of 1979 were computed; (2) a mark-up percentage was arrived at by comparing total gross profit with total cost of goods sold from petitioners' profit and loss statements; (3) the mark-up was used to arrive at a new gross receipts figure; (4) the taxpayers' original gross receipts were divided by the new gross receipts figure in order

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4, 5] Am Jur 2d, State and Local Taxation §§ 704 et seq.
See the annotations in the ALR3d/4th Quick Index under Taxes § 5.

[3] Am Jur 2d, Administrative Law §§ 539-552.
Composition of record on review of agency action under 28 USCS § 2112(b) and Rule 16(a) of Federal Rules of Appellate Procedure. 32 ALR Fed 648.

to arrive at a percentage of error; and (5) that average percentage of error was applied to the 1976 tax year. The hearing officer held that respondent had authority to utilize the supplier records since the General Sales Tax Act allows the use of such information as is available or may come into the possession of the department. He also found that petitioners had not sustained their burden to refute the prima facie correctness of the assessment. Finally, he held that no error was made regarding the single business tax and income tax assessments since they flowed from the additional income found via the sales tax audit. The Michigan Tax Tribunal adopted the hearing officer's proposed judgment as its final decision. Petitioners appealed. *Held:*

1. The Legislature intended in enacting the General Sales Tax Act, the Income Tax Act and the Single Business Tax Act to give the Department of Treasury the power to base assessments upon the best information it can obtain. The department properly exercised its authority in making the assessments.

2. An assessment under either the General Sales Tax Act or the Single Business Tax Act is deemed to be prima facie correct and the burden of proof of refuting such assessment is placed on the taxpayer. Petitioners did not sustain their burden to refute the prima facie correctness of the assessments.

3. The proofs were sufficient to sustain the income tax assessments.

4. Evidence of understated sales in the following three years is sufficient evidence from which the Department of Treasury might infer an understatement in the year in question and assess a tax thereon. There was evidence to sustain the assessments for 1976.

Affirmed.

1. TAXATION — ASSESSMENT.

The Legislature intended in enacting the General Sales Tax Act, the Income Tax Act and the Single Business Tax Act to give the Department of Treasury the power to base assessments upon the best information it can obtain (MCL 205.21[1], 205.67, 208.83; MSA 7.657[21][1], 7.538, 7.558[83]).

2. TAXATION — ASSESSMENT — BURDEN OF PROOF.

An assessment under either the General Sales Tax Act or the Single Business Tax Act is deemed to be prima facie correct and the burden of proof of refuting such assessment is placed on the taxpayer (MCL 205.67, 208.83; MSA 7.538, 7.558[83]).

3. ADMINISTRATIVE LAW — APPEAL.

A decision of a quasi-judicial agency must be supported by compe-

tent, material and substantial evidence on the whole record (Const 1963, art 6, § 28; MCL 24.306; MSA 3.560[206]).

4. Taxation — Evidence — Assessments.

Evidence of understated sales in the following three years is sufficient evidence from which the Department of Treasury might infer an understatement in the year in question and assess a tax thereon.

5. Taxation — Evidence — Hearsay — Business Records.

The Tax Tribunal may admit and give probative effect to evidence of a type commonly relied upon by reasonable prudent men in the conduct of their affairs; for example, business records admissible at trial under the business records exception to the hearsay rule (MCL 205.746; MSA 7.560[46]; MRE 803[6]).

*Sander H. Simen,* for petitioners.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard R. Roesch* and *Thomas J. Kenny,* Assistants Attorney General, for the Department of Treasury.

Before: R. B. Burns, P.J., and Bronson and R. L. Tahvonen,* JJ.

Per Curiam. Petitioners, Emanuel and Mary Vomvolakis, appeal from a judgment of the Michigan Tax Tribunal upholding three Michigan Department of Treasury Tax assessments. We affirm.

At the hearing before the Michigan Tax Tribunal, Donald Paul Kulish, a revenue auditor for the Department of Treasury, was the sole witness. Kulish audited petitioners' tax returns for the tax years in question, 1976, 1977, 1978 and 1979. While the audit was initiated because of the sales tax, the audit eventually involved the single business tax and the income tax.

Petitioners owned and operated a bar in Flint called the Raincheck Lounge. Kulish's audit deter-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

mined that petitioners had understated their beer purchases. Subsequently, respondent assessed sales tax, single business tax and income tax deficiencies against petitioners.

Kulish described his auditing process. For the 1977 and 1978 tax years, Kulish compared the purchases listed on petitioners' actual invoices to the delivery records of the four or five beer suppliers who sold to petitioners. Some of the delivery records were monthly amounts, some were actual invoices, and some were weekly recapitulation summary sheets. For 1978 and 1979, Kulish compared the supplier records to the beer purchases as listed on petitioners' profit and loss statements.

For the 1976 tax year, Kulish did not use supplier records. Even though the suppliers' actual invoices were available, too much time would have been involved in reviewing those invoices. Instead, Kulish testified he used a standard procedure of the revenue department. The procedure was as follows: (1) the total understated purchases from 1977 through November of 1979 were computed; (2) a mark-up percentage was arrived at by comparing total gross profit with total cost of goods sold from petitioners' profit and loss statements (Kulish used 125% as the figure, choosing not to use a higher mark-up which was supported by the figures in order to allow for variables such as employee theft, free drinks, and spillage); (3) the mark-up was used to arrive at a new gross receipts figure; (4) the taxpayers' original gross receipts were divided by the new gross receipts figure in order to arrive at a percentage of error; and (5) that average percentage of error was applied to the 1976 tax year.

During the hearing, petitioners objected, primarily on hearsay grounds, to the admission of all of the exhibits and Kulish's testimony concerning the

actual amounts of understatement and tax deficiency. The hearing referee overruled all of petitioners' objections and admitted the exhibits and the testimony. Petitioners presented no other witnesses or evidence to establish that their sales were actually less than that which had been determined by respondent.

On December 5, 1983, the hearing officer filed his proposed judgment. The hearing officer held that respondent had authority to utilize the supplier records since MCL 205.67; MSA 7.538 allows the use of "such information as is available or may come into the possession of the department". He also found that petitioners had not sustained their burden to refute the prima facie correctness of the assessment. Finally, he held that no error was made regarding the single business tax and income tax assessments since they flowed from the additional income found via the sales tax audit. The Michigan Tax Tribunal adopted the hearing officer's proposed judgment as its final decision.

On appeal, petitioners claim that the auditor exceeded his authority in the method he used in obtaining the information on which he based the deficiency, under both the Michigan Single Business Tax Act, MCL 208.1 *et seq.;* MSA 7.558(1) *et seq.,* and the Michigan Income Tax Act, MCL 206.1 *et seq.;* MSA 7.557(101) *et seq.*

The General Sales Tax Act, MCL 205.51 *et seq.;* MSA 7.521 *et seq.,* contains a provision allowing the Department of Treasury to assess taxes upon such information as is available or comes into its possession in situations where the taxpayer has not maintained proper records or where the department has reason to believe that the records are inaccurate or incomplete. The assessment is deemed to be prima facie correct and the burden

of proof of refuting such assessment is placed upon the taxpayer. MCL 205.67; MSA 7.538.[1]

The Single Business Tax Act, MCL 208.1 *et seq.;* MSA 7.558(1) *et seq.,* contains a similar provision which holds that the assessment is deemed to be prima facie correct and the burden of proof of refuting the assessment is placed upon the taxpayer. MCL 208.83; MSA 7.558(83).[2]

The Michigan Income Tax Act of 1967, MCL

---

[1] That provision states:

"Every person liable for any tax imposed under this act shall keep an accurate and complete beginning and annual inventory and purchase records of additions to inventory, complete daily sales records, receipts, invoices, bills of lading and any and all pertinent documents in such form as the department may require and wherever an exemption from sales tax is claimed by reason of the sale being for resale or for any of the other exemptions or deductions granted under this act, there shall be a record kept of the name and address of the person to whom the sale is made, the date of the sale, the article purchased, the use to be made of the article, the amount of the sale and if that person has a sales tax license, that number shall also be noted thereon. Any person knowingly making a sale of tangible personal porperty to another not licensed under this act, for the purpose of resale at retail, shall be liable for the tax imposed by this act under the provisions of this act. Such records must be retained for the same period as stated in section 9. Whenever in the judgment of the department it is necessary, it may require any person, by notice served upon him, to make a return, render under oath such statements, or keep such records, as the department deems sufficient to show whether or not such person is liable to tax under this act. In the event the taxpayer fails to file a return or to maintain or preserve proper records as prescribed in this section or the department has reason to believe that any records maintained or returns filed are inaccurate or incomplete and that additional taxes are due, the department shall be empowered to assess, *upon such information as is available or may come into possession of the department,* the amount of the tax due from the taxpayer. *Such assessment after notice and hearing as hereinafter provided shall be deemed to be prima facie correct for the purpose of this act and the burden of proof of refuting such asssessment shall be upon the taxpayer."* (Emphasis added.)

[2] That provision states:

"(1) If a person fails or refuses to make a return, either in whole or in part, or if the department has reason to believe that any return made does not supply sufficient information for an accurate determination of the amount of tax due, *the department may obtain information on which to base an assessment* of the tax. *The department by its duly authorized agents may examine the books, records, and papers and audit the accounts of any person or any other records pertaining to the tax.* As soon as possible after procuring the information as may

206.1 *et seq.;* MSA 7.557(101) *et seq.,* contains no similar provision regarding burden of proof or prima facie correctness of an assessment. However, that act does provide for the department to obtain information. MCL 205.21(1); MSA 7.657(21)(1).[3]

Petitioners argue that respondent's auditor exceeded his authority by basing the assessments on supplier summaries. We think that a fair reading of the relevant statutes indicates that the Legislature intended to give the Department of Treasury power to base assessments on the best information that it could obtain. Under each of these statutes,

be found to be available, the department shall assess the tax determined to be due and shall notify the person assessed of the amount thereof and the specific reasons for the assessment.

"(2) The assessment by the department shall be final as to any person except as may be otherwise determined under the provisions of section 87.

"(3) A person liable for any tax imposed under this act shall keep and maintain accurate records in such form as to make it possible to determine the tax due under this act. When the department deems it necessary, it may require a person, by notice served upon him, to make a return, render under oath such statements, or keep such records as the departmemt deems sufficient to show whether or not the person is liable to tax under this act. If the taxpayer fails to file a return or to keep and maintain proper, accurate, and complete records as prescribed in this section, the department may assess, *upon the information as is available or may come into possession of the department,* the amount of the tax due from the taxpayer. *The assessment after notice and conference as provided in this act shall be deemed to be prima facie correct for the purpose of this act and the burden of proof of refuting the assessment shall be upon the taxpayer.*" (Emphasis added.)

[3] That provision states:

"If a person fails or refuses to make a return as required, in whole or in part, or if the department has reason to believe that a return made does not supply sufficient information for an accurate determination of the amount of tax due, *the department may obtain information on which to base an assessment of the tax. The department, by its duly authorized agents, may examine the books, records, and papers and audit the accounts of a person or any other records pertaining to the tax.* As soon as possible after procuring information, the department shall assess the tax determined to be due and shall notify the taxpayer of the assessed amount and the specific reasons for the assessment." (Emphasis added.)

the respondent is to make assessments only when it has reason to believe that a return does not supply sufficient or accurate information or when proper records are not maintained by a taxpayer. The state's power to tax would be greatly eroded if the respondent could not make assessments on available information in situations where taxpayers do not maintain proper records. It is our opinion that respondent properly exercised its authority in making the assessments in this case.

Under the General Sales Tax Act and the Single Business Tax Act, the assessment is deemed to be prima facie correct and the burden of proof of refuting such assessment is placed on the taxpayer. Petitioners presented no other witnesses or evidence to establish that their sales were actually less than that which had been determined by the respondent. Accordingly, the hearing officer was correct in finding that petitioners failed to substain their burden to refute the prima facie correctness of the assessment.

We recognize that the Income Tax Act contains no provision regarding the prima facie correctness of the assessment or the burden of proof. In this case, the income tax assessment was based on the sales tax assessment and, even if the burden of proof is on respondent, that burden was satisfied.

Next, petitioners claim that the tax assessment for 1976 is invalid because there was no evidence of understated purchases for that year.

A decision of a quasi-judicial agency must be supported by competent, material and substantial evidence on the whole record. Const 1963, art 6, § 28; MCL 24.306; MSA 3.560(206). The statutes involved give the Department of Treasury the authority to obtain "information" on which to base an assessment of tax. That assessment is deemed

to be prima facie correct because of concerns for faulty record-keeping by taxpayers.

Petitioners are wrong when they argue that there is "no evidence" on which to base the 1976 assessment. From understated sales in the following three year's tax returns, it can be inferred that the same understatement occurred in 1976. This evidence supports the assessment and must be viewed in light of the statutory presumption and burden of proof. We find that the Tax Tribunal's decision was supported by substantial evidence.

Petitioners also claim the hearing officer erred by admitting hearsay testimony.

The Tax Tribunal Act provides that hearings shall be conducted pursuant to Chapter 4 of the Administrative Procedures Act, MCL 24.271 *et seq.;* MSA 3.560(171) *et seq.;* MCL 205.726; MSA 7.650(26). The Administrative Procedures Act provides:

"In a contested case the rules of evidence as applied in a nonjury civil case in circuit court shall be followed as far as practicable, but an agency may admit and give probative effect to evidence of a type commonly relied upon by reasonable prudent men in the conduct of their affairs. Irrelevant, immaterial or unduly reptitious evidence may be excluded. Effect shall be given to the rules of privilege recognized by law. Objections to offers of evidence may be made and shall be noted in the record. Subject to these requirements, an agency, for the purpose of expediting hearings and when the interests of the parties will not be substantially prejudiced thereby, may provide in a contested case or by rule for submission of all or part of the evidence in written form." MCL 24.275; MSA 3.560(175).

The Tax Tribunal Act states:

"(1) In a proceeding before the tribunal all parties may submit evidence. The tribunal shall make its deci-

sion in writing. *The tribunal may admit and give probative effect to evidence of a type commonly relied upon by reasonably prudent men in the conduct of their affairs.* Irrelevant, immaterial, or unduly repetitous evidence may be excluded. Effect shall be given to the rules of privilege recognized by law. An objection to an offer of evidence may be made." (Emphasis added.) MCL 205.746; MSA 7.650(46).

MRE 803(6) deals with the business records exception to the hearsay rule, and states:

"(6) Records of regularly conducted activity. A memorandum, report, record, or data compilation, in any form, of acts, transactions, occurrences, or events, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term 'business' as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit." See also MCL 600.2146; MSA 27A.2146 and MRE 101.

The tax court did not err in admitting the records.

Affirmed. Costs to appellee.