# STATE OF MICHIGAN

# COURT OF APPEALS

BF ENTERPRISES, INC.,

       Petitioner-Appellant,

v

DEPARTMENT OF TREASURY,

       Respondent-Appellee.

UNPUBLISHED
October 28, 2014

No. 317278
Tax Tribunal
LC No. 00-440243

Before: SAAD, P.J., and O'CONNELL and MURRAY, JJ.

PER CURIAM.

Petitioner appeals by right a decision of the Tax Tribunal affirming sales tax assessed by respondent for the period May 1, 2006 to April 30, 2010. The Tax Tribunal concluded that respondent's sales tax assessment of $967,827, including interest and penalty, was based on appropriate audit methods. We affirm.

Before this Court petitioner argues that the Tax Tribunal erred in upholding the audit methods respondent utilized in assessing sales tax on merchandise and prepared food items sold by plaintiff.[1] In the absence of fraud, review of a decision by the Tax Tribunal is limited to determining whether the Tribunal erred in applying the law or adopted a wrong principle; its factual findings are conclusive if supported by competent, material, and substantial evidence on the whole record. *Klooster v City of Charlevoix*, 488 Mich 289, 295; 795 NW2d 578 (2011). Substantial evidence is that which a reasonable mind would accept as sufficient to support the conclusion. *Power v Dep't of Treasury*, 301 Mich App 226, 230; 835 NW2d 622 (2013).

The General Sales Tax Act, MCL 205.51 *et seq.*, provides that businesses are subject to a six percent tax on retail sales. MCL 205.52(1).[2] Businesses are required to keep complete

---

[1] Initially petitioner also challenged the sales tax assessment on fuel, but conceded in its reply brief filed with this Court that respondent's audit method was appropriate. Petitioner did maintain, however, that we should remand for a recalculation of the sales tax assessment on fuel if we do so on the merchandise and food assessments.

[2] MCL 205.52(1) provides:

-1-

records of their sales and purchases. MCL 205.68(1).[3] Here, the auditor testified that he ordinarily examined financial records, such as invoices, check stubs, tax returns, ledgers, or profit and loss statements, to verify a taxpayer's reported figures. Despite several requests and time extensions, petitioner only provided the auditor with purchase invoices and daily sales summaries for two months, as well as tax returns for 2006 through 2009. The auditor did not believe that respondent could trust any sales figures petitioner provided.

Where the taxpayer fails to keep sufficient records or respondent has reason to believe the records are inaccurate or incomplete, respondent may perform an indirect audit utilizing any available information. MCL 205.68(4);[4] *By Lo Oil Co v Dep't of Treasury*, 267 Mich App 19, 42-43; 703 NW2d 822 (2005). The Legislature empowered respondent to make assessments on the best information available as "[t]he state's power to tax would be greatly eroded if the respondent could not make assessments on available information where taxpayers do not maintain proper records." *Vomvolakis v Dep't of Treasury*, 145 Mich App 238, 245; 377 NW2d 309 (1985). Respondent's assessment is considered prima facie correct and petitioner had the burden of proof of refuting the assessment. MCL 205.68(4); *Vomvolakis*, 145 Mich App at 245.

Petitioner argues that the Tax Tribunal erred in upholding the sales tax on its prepared food because the auditor did not separate taxable from nontaxable food sales. The Tribunal's decision was supported by competent, material and substantial evidence. *Klooster*, 488 Mich at 295. The auditor (the only witness at the hearing) explained that the sales tax on prepared food was charged because the prepared food was not sold by weight, which would have been

> Except as provided in section 2a, there is levied upon and there shall be collected from all persons engaged in the business of making sales at retail, by which ownership of tangible personal property is transferred for consideration, an annual tax for the privilege of engaging in that business equal to 6% of the gross proceeds of the business, plus the penalty and interest if applicable as provided by law, less deductions allowed by this act.

[3] MCL 205.68(l) provides in pertinent part:

> A person liable for any tax imposed under this act shall keep in a paper, electronic, or digital format an accurate and complete beginning and annual inventory and purchase records of additions to inventory, complete daily sales records, receipts, invoices, bills of lading, and all pertinent documents in a form the department requires.

[4] MCL 205.68(4) provides in pertinent part:

> If the taxpayer fails to file a return or to maintain or preserve sufficient records as prescribed in this section, or the department has reason to believe that any records maintained or returns filed are inaccurate or incomplete and that additional taxes are due, the department may assess the amount of the tax due from the taxpayer based on an indirect audit procedure or any other information that is available or that may become available to the department. That assessment is considered prima facie correct for the purpose of this act and the burden of proof of refuting the assessment is upon the taxpayer.

nontaxable. MCL 205.54g(1)(a), (6); MCL 205.94d(1)(a), (6). The auditor assumed all prepared food was taxable because petitioner's manager told him that prepared food was not sold by weight and there was no information that it was sold by weight. Further, the auditor explained, he could not use the two-month sales reports provided by petitioner to determine the prepared food sales tax because the deli area used a separate register that was not included in the information. The auditor determined the amount of prepared food purchases by petitioner from vendor invoices over the sample period and added a 100 percent markup to determine total prepared food sales to customers. The auditor explained that ingredients for sandwiches, fountain pop, and hot coffee from the invoices were considered prepared foods to distinguish the category from nontaxable categories, such as bottled pop and fruit.[5]

None of the out of state decisions supports petitioner's cause. They are not analogous to this case, nor do they apply the law applicable to this case. They are simply not persuasive. Here, petitioner did not provide adequate records and the auditor properly based his assessment on the best available information as authorized by statute. The auditor explained that the method of determining merchandise sales was finding the ratio of merchandise sales to fuel sales for the two weeks that sales data was available and calculating the merchandise sales for the rest of the audit period by using this ratio times the known fuel purchases from the vendors. Again, given the limited evidence provided, the auditor's method complied with the statutory scheme. MCL 205.68(4); *By Lo Oil Co*, 267 Mich App at 42-43.

Further, petitioner did not present a witness or provide evidence to establish that its merchandise sales were less than those determined by respondent. MCL 205.68(4); *Vomvolakis*, 145 Mich App at 245. Petitioner failed to demonstrate as factual error that unfairness or injustice occurred because petitioner did not offer any evidence that the assessment method was actually inaccurate. *By Lo Oil Co*, 267 Mich App at 43. The findings of the Tax Tribunal were supported by competent, material, and substantial evidence. *Klooster*, 488 Mich at 295.

Affirmed.


/s/ Henry William Saad
/s/ Peter D. O'Connell
/s/ Christopher M. Murray

---

[5] Petitioner argues that the auditor created a ratio of gasoline sales to food purchases to estimate food sales. However, the auditor created a ratio of fuel sales to merchandise sales to calculate the sales tax for merchandise, which was separate from the sales tax on prepared foods. The merchandise sales tax was calculated using the two months of sales data provided by petitioner. Thus, the record demonstrated that the auditor used a methodology to distinguish prepared foods from non-taxable food sales.